UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA DIZIO and JAMES DIZIO, individually and on behalf of Jane Doe, their minor child,<br><br>    Plaintiffs,<br><br>    v.<br><br>MANCHESTER ESSEX REGIONAL SCHOOL DISTRICT, PAMELA BEAUDOIN, STEVE GUDITUS, ALLISON COLLINS, HELEN BRYANT, DR. DEBRA WELLING, KEVIN O'MALEY, and DONNA SMITH,<br><br>    Defendants. | Civil Action No.<br>20-11859-FDS |

**MEMORANDUM AND ORDER ON
<u>DEFENDANTS' MOTION TO DISMISS</u>**

**SAYLOR, C.J.**

    This lawsuit arises out of a dispute between a school district and the parents of a disabled child. Plaintiffs Cynthia and James Dizio are the parents of Jane Doe.[1] According to the complaint, Jane is approximately 16 years old and has a variety of disabilities, including attention deficit/hyperactivity disorder ("ADHD"), predominantly inattentive presentation, anxiety disorder, school refusal, depression, slow processing disorder, possible mood disorder, and executive function deficiencies.

    In substance, plaintiffs allege that defendants Manchester Essex Regional School District ("MERSD") and the various named school officials refused to provide Jane with a free

---

[1] Jane Doe is a pseudonym.

appropriate public education ("FAPE"), as guaranteed by the Individuals with Disabilities Education Improvement Act of 2004 ("IDEA"). The complaint asserts eight claims: (1) a claim for discrimination based on disability in violation of Title II of the Americans with Disabilities Act ("ADA") and § 504 of the Rehabilitation Act, 29 U.S.C. § 794; (2) a claim under 42 U.S.C. § 1983 for due-process violations and failure to provide a FAPE as guaranteed by the IDEA, 20 U.S.C. § 1400(d)(1)(A); (3) a claim under § 1983 for violations of the IDEA; (4) a claim for violations of the Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12, § 11I; (5) negligence; (6) retaliation; (7) negligent and intentional infliction of emotional distress; and (8) loss of consortium.

The principal focus of the complaint involves events that occurred during school years beginning in 2012-13 and ending in 2015-16. The last complained-of events occurred in October 2016.

Plaintiffs previously filed a complaint that alleged identical claims. That complaint was filed on December 3, 2018. On August 12, 2019, the Court dismissed Counts One through Five for lack of subject-matter jurisdiction because it found that plaintiffs had failed to exhaust their administrative remedies at the Bureau of Special Education Appeals ("BSEA"), as IDEA requires, and dismissed Counts Six through Eight because their success was dependent on the IDEA claims, which were being dismissed for failure to exhaust, and those counts therefore failed to state a claim for relief.[2] On September 12, 2019, plaintiffs appealed that dismissal to the First Circuit. On September 24, 2019, they moved this Court to stay the action while they

---

[2] The Court had issued a memorandum and order on August 8, 2019, dismissing plaintiffs' claims on those same grounds. That same day, the First Circuit issued its decision in *Parent/Prof'l Advocacy League, et al. v. City of Springfield, et al.*, 2019 WL 3729033 (1st Cir. Aug. 8, 2019). On August 12, 2019, the Court issued an amended memorandum and order to provide updated citations in light of that opinion.

sought administrative relief at the BSEA.  On October 8, 2019, they moved for reconsideration of the Court's August 12, 2019 order.

On September 30, 2019, plaintiffs filed a hearing request with the BSEA, contending that MERSD denied Jane a FAPE by failing to place her on a section 504 plan or an Individualized Education Program (IEP) in elementary and middle school.  (Defs. Mem. Ex. 2 ("BSEA Decision") at 1).  On October 10, 2019, MERSD moved to dismiss plaintiffs' claims for failure to state a claim on the grounds that their claims were time-barred under the applicable statute of limitations.  (*Id.*).

On October 23, 2019, the Court denied plaintiffs' motions for reconsideration of its August 12, 2019 order and to stay the case.  On December 2, 2019, the BSEA granted MERSD's motion to dismiss on the grounds that plaintiffs' claims "[fell] outside the applicable statute of limitations."  (*Id.* at 9-10); *see also* 20 U.S.C. § 1415 (f)(3)(C).  On December 9, 2019, the First Circuit denied plaintiffs' appeal as untimely.

On October 16, 2020, plaintiffs filed the complaint in this action.[3]  On December 15, 2020, defendants moved to dismiss the complaint for lack of subject-matter jurisdiction on two grounds.  First, they contend that "the original complaint was dismissed as a result of the plaintiffs' failure to exhaust their administrative remedies, the dismissal of which was on the merits, [and therefore] the plaintiffs are not entitled to refile the suit under [the Massachusetts renewal statute, Mass. Gen. Laws ch.] 260, § 32 . . . ."  (Defs. Mot. Dismiss at 2).  Second, they contend that because the BSEA dismissed plaintiffs' claims as untimely, plaintiffs have not in fact exhausted their administrative remedies, and therefore, this Court still lacks subject-matter

---

[3] The facts underlying plaintiffs' claims are set forth in detail in the Court's amended memorandum and order dated August 12, 2019.  *See Dizio v. Manchester Essex Reg'l Sch. Dist.*, 2019 WL 3797015, at *1-6 (D. Mass. Aug. 12, 2019) ("*Dizio I*").

3

jurisdiction over the action.  (*Id.*).

For the reasons stated below, the motion will be denied as to defendants' second ground. As to the first ground, the motion will be denied, but without prejudice to the raising of any other issues involving the timeliness of any of plaintiffs' claims.

## I.     Legal Standard

On a motion to dismiss for lack of subject-matter jurisdiction made pursuant to Fed. R. Civ. P. 12(b)(1), "the party invoking the jurisdiction of a federal court carries the burden of proving its existence." *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995) (quoting *Taber Partners, I v. Merit Builders, Inc.*, 987 F.2d 57, 60 (1st Cir. 1993)).  When ruling on a 12(b)(1) motion, the court "must credit the plaintiff's well-[pleaded] factual allegations and draw all reasonable inferences in the plaintiff's favor." *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010).

On a motion to dismiss made pursuant to Rule 12(b)(6), the court "must assume the truth of all well-plead[ed] facts and give . . . plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)).  To survive a motion to dismiss, the complaint must state a claim that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).  Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under

some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Médico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

**II.     Analysis**

Defendants first contend that "the original complaint was dismissed as a result of the plaintiffs' failure to exhaust their administrative remedies, the dismissal of which was on the merits, [and therefore] the plaintiffs are not entitled to refile the suit under [Mass. Gen. Laws ch.] 260, § 32," the Massachusetts renewal statute, which permits certain claims to be filed outside the ordinary limitations period. (Defs. Mot. Dismiss at 2).[4]  Second, they contend that "the untimely filing with the [BSEA] . . . does not act to exhaust [] administrative remedies" and therefore, the Court lacks subject-matter jurisdiction over this action. (*Id.*).

Plaintiffs contend that the dismissal in *Dizio I* for lack of subject-matter jurisdiction is a dismissal for a "matter of form" within the meaning of the renewal statute. (Compl. ¶ 25; Pl. Opp. at 7).  They further contend that they have exhausted their IDEA administrative remedies, because, among other reasons, the BSEA stated that "[s]tudent's claims at the administrative level are deemed to have been exhausted." (Compl. ¶ 22; Pl. Opp. at 11; BSEA Decision at 12).

**A.     The Massachusetts Renewal Statute**

Mass. Gen. Laws ch. 260, § 32—known as the "renewal" statute—provides as follows: "[i]f an action duly commenced within the time limited in this chapter is dismissed for . . . any matter of form . . . the plaintiff [] may commence a new action for the same cause within one year after the dismissal or other determination of the original action." The renewal statute permits the assertion of certain claims that would otherwise be barred by the statute of

---

[4] Although defendants frame that issue as one involving subject-matter jurisdiction, it actually involves the application of a statute of limitations.

limitations. *Rodi v. S. New England Law Sch.*, 389 F.3d 5, 18 (1st Cir. 2004). The statute, among other things, requires a plaintiff to commence a "new action for the same cause within one year after the dismissal or other determination of the original action." Mass. Gen. Laws ch. 260, § 32.

The purpose of the renewal statute is to ensure that "where [a] plaintiff has been defeated by some matter *not affecting the merits*, some defect or informality, which he can remedy or avoid by a new process," the statute of limitations "shall not prevent him from doing so." *Rodi*, 389 F.3d at 18 (quoting *Coffin v. Cottle,* 33 Mass. 383, 386 (1835)) (emphasis added). Therefore, if a dismissal is for a matter not affecting the merits, it is considered a dismissal for a "matter of form." *See Corliss v. City of Fall River*, 397 F. Supp. 2d 260, 266 (D. Mass. 2005) (citing *Liberace v. Conway*, 31 Mass. App. Ct. 40, 44 (1991)).

The Court will address only the narrow issue that defendants raised and to which plaintiffs responded: whether a dismissal for a lack of subject-matter jurisdiction is a dismissal for a "matter of form" within the meaning of the renewal statute.

Pursuant to Federal Rule of Civil Procedure 41(b), a dismissal in a district court is an "adjudication on the merits" unless "the court in its order otherwise specifies," or the dismissal is for "lack of jurisdiction," which includes "jurisdiction . . . over the subject matter." Fed. R. Civ. P. 41(b); *Costello v. United States*, 365 U.S. 265, 284-85 (1961). Counts One through Five were dismissed for lack of subject-matter jurisdiction because plaintiffs had not exhausted their administrative remedies. *Dizio I* at 14, 20 (citing *CBDE Pub. Sch. v. Mass. Bureau of Special Educ. Appeals*, 2012 WL 4482296, at *6 (D. Mass. Sept. 27, 2012) (noting that "[a] district court . . . [] has no subject[-]matter jurisdiction . . . until th[at] exhaustion requirement has been met."). Accordingly, the dismissal of those counts was for a "matter of form." *See also Lebron-*

6

*Rios v. U.S. Marshal Serv.*, 341 F.3d 7, 13 (1st Cir. 2003) (holding that district court's dismissal "with prejudice" only applied to question of whether plaintiffs failed to exhaust EEOC administrative remedies, and not to the merits of plaintiffs' substantive claims); *Corliss*, 397 F. Supp. 2d at 266 (concluding that a dismissal for lack of subject-matter jurisdiction was a dismissal for a "matter of form" for purposes of the renewal statute).

Accordingly, defendants' motion to dismiss will be denied to the extent it claims that the dismissal of Counts One through Five in *Dizio I* was not a dismissal for a "matter of form." The motion will be denied without prejudice to the raising of any other issues involving the timeliness of plaintiffs' claims.

As noted, the only issue raised is the applicability of the Massachusetts renewal statute to dismissals for lack of subject-matter jurisdiction. The Court takes no position as to whether any or all of the claims are barred by the two-year statute of limitations applicable to claims brought under IDEA, Section 504, or the ADA, or the three-year statute of limitations applicable to claims brought under § 1983 or for common-law torts.[5] The original action was filed on December 3, 2018, based on events that had occurred in October 2016 and earlier. Similarly, the Court takes no position as to whether any or all of the claims are barred by the one-year

---

[5] Among other items, the complaint asserts (1) a claim for discrimination based on disability in violation of Title II of the ADA and § 504 of the Rehabilitation Act; (2) a claim under § 1983 for due-process violations and failure to provide a FAPE as guaranteed by the IDEA; (3) a claim under § 1983 for violations of the IDEA; (4) a claim for violations of Mass. Gen. Laws ch. 12, § 11I; and (5) a claim for negligence.

The IDEA generally has a two-year statute of limitations. Section 504 and the ADA do not have their own statutes of limitation, but courts have borrowed the IDEA's statute of limitations for ADA and section 504 claims that are based on a plaintiff's IDEA claim. *See, e.g.*, *E.E. v. Ridgefield Park Bd. of Educ.*, 2020 WL 3097473, at *8 (D.N.J. June 11, 2020) (applying it to an ADA claim); *P.P. ex. Rel. Michael P. v. W. Chester Area Sch. Dist.*, 585 F.3d 727, 737 (3d Cir. 2009) (applying it to a section 504 claim).

Mass. Gen. Laws ch. 260, § 2A provides as follows: "Except as otherwise provided, actions of *tort*, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within three years next after the cause of action accrues." Mass. Gen. Laws ch. 260, § 2A (emphasis added); *see also Alvarez v. City of Worcester*, 450 F. Supp. 3d 74, 79-80 (D. Mass. 2020) (noting that Mass. Gen. Laws ch. 260, § 2A provides the statute of limitations for claims under the Massachusetts Civil Rights Act). The Federal Civil Rights Statute, 42 U.S.C. § 1983, borrows that statute of limitations. *See Street v. Vose*, 936 F.2d 38, 39 (1st Cir. 1991).

limitations period set forth in the Massachusetts renewal statute. This Court's order of dismissal was entered on August 12, 2019, and this action was filed on October 16, 2020, more than one year later.[6]

### B. Exhaustion Requirement

Defendants further contend that plaintiffs still have not exhausted their administrative remedies, because the BSEA dismissed their claims after it determined that "all of [them] . . . [fell] outside the applicable statute of limitations," (BSEA Hearing at 10), and such a dismissal does not exhaust administrative remedies under the IDEA.

IDEA's exhaustion provision provides as follows:

> Nothing in [the IDEA] shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

20 U.S.C. § 1415(l). That exhaustion requirement is not limited to claims based directly upon violations of the IDEA, and applies "even when the suit is brought pursuant to a different statute so long as the party is seeking relief that is available under subchapter II of IDEA." *Frazier v.*

---

[6] That issue appears to turn on whether the relevant date is the date of dismissal (August 12, 2019) or the date of the expiration of the 30-day appeal period under Fed. R. App. P. 4 (September 11, 2019), rather than the date of denial of the motion for reconsideration (October 23, 2019) or the date the untimely appeal was denied (December 9, 2019). *See* Mass. Gen. Laws ch. 260, § 32 (indicating that the new action must be commenced "within one year after the *dismissal* or other *determination* of the original action) (emphasis added); *Jones v. Binette*, 19 F. App'x 6, 7 (1st Cir. 2001) (determining that it "need not decide whether, in a case where an appeal has been pursued, th[e] period [at issue] begins to run at the time the lower court acts or at the time the appellate court does" because "[in *Jones*], plaintiff [had] filed no *timely* notice of appeal in his first suit" and therefore, "the one-year period [] commenced, at the latest, on the date the appeal period expired . . . ."); *Rife v. OneWest Bank, F.S.B.*, 2016 WL 8709995, at *5 (D. Mass. Feb. 12, 2016) (noting that the plaintiff had not pointed to "[any] authority holding that a cause of action is 'dismissed' for the purposes of Mass. Gen. Laws ch. 260, § 32 when a judgment is affirmed rather than when the trial court enters dismissal," although also noting that the plaintiff in that case "[had not] challenge[d] the dismissal for lack of jurisdiction in his appeal").

*Fairhaven Sch. Comm.*, 276 F.3d 52, 59 (1st Cir. 2002); *Rose v. Yeaw*, 214 F.3d 206, 210 (1st Cir. 2000).

To exhaust his or her administrative remedies, a plaintiff generally must "obtain a decision from . . . the BSEA, following an impartial due process hearing [under] 20 U.S.C. § 1415(f), (g)." *S.S. by S.Y. v. City of Springfield*, 146 F. Supp. 3d 414, 424 (D. Mass. 2015); *see also Weber v. Cranston Sch. Comm.*, 212 F.3d 41, 53 (1st Cir. 2000) ("IDEA's mandate is explicit:  plaintiffs must exhaust IDEA's impartial due process hearing procedures in order to bring a civil action under subchapter II of IDEA or any 'such law[] seeking relief that is also available' under subchapter II of IDEA."). By contrast, administrative remedies have not been exhausted if a plaintiff "never made a request for a due process hearing" or never "explain[ed] [] why administrative remedies cannot be pursued." *Christopher W. v. Portsmouth Sch. Comm.,* 877 F.2d 1089, 1096-97 (1st Cir. 1989).

The exhaustion requirement "enables the [educational] agency to develop a factual record, to apply its expertise to the problem, to exercise its discretion, and to . . . [promote] accuracy, efficiency, agency autonomy, and judicial economy." *Frazier*, 276 F.3d at 60 (quoting *Christopher W.*, 877 F.2d at 1094). However, where exhaustion would be futile, such as where the "state agency itself prevented administrative remedies from being exhausted," it may not be required. *Christopher W.*, 877 F.2d at 1092-94. For example, in *Kerr Ctr. Parents Ass'n v. Charles*, 897 F.2d 1463 (9th Cir. 1990), plaintiffs requested a due-process hearing, but the school declined to provide one, and informed them that it would not provide the educational program they sought. *Id.* at 1470.[7] The Ninth Circuit rejected defendants' contention that plaintiffs had

---

[7] Under the law of Oregon—the state where the plaintiffs in *Kerr* resided—the due-process hearing is "conducted by the local school district or, in some cases, by [the state agency]." *Id.* at 1469.

not exhausted their administrative remedies because "at [that] point[,] plaintiffs should have asked the court [] to compel an administrative hearing." *Id.*  It reasoned that "[a]fter plaintiffs were refused a due process hearing, they had no recourse but to seek judicial relief," and that "[they] had already taken all measures to secure administrative relief which could reasonably be expected of them." *Id.*

Here, plaintiffs "filed a Hearing Request [with the BSEA] . . . [contending that MERSD] denied [Jane] a . . . FAPE[] by failing to place [her] on a Section 504 Plan or an Individualized Education Program (IEP) in elementary and middle school." (BSEA Decision at 1).  In response, MERSD moved to dismiss the hearing request on the grounds that their claims were time-barred. (*Id.*).  On December 2, 2019, after considering the oral argument and written submissions of the parties, the BSEA granted the motion to dismiss, finding that "all of [plaintiffs'] . . . claim[s] [fell] outside the applicable statute of limitations." (BSEA Decision at 1, 10).  It never developed a factual record because it granted the motion to dismiss. (*Id.*).  Nevertheless, plaintiffs requested a due-process hearing in accordance with sections (f) and (g), and the BSEA rendered a final decision on the merits—that is, it dismissed plaintiffs' action "with prejudice." (*Id.* at 12 (noting that it was dismissing the hearing request with prejudice)).[8]  In addition, the BSEA specifically noted in its order of dismissal that "[s]tudent's claims at the administrative level are deemed to have been exhausted." (Compl. ¶ 22; Pl. Opp. at 11; BSEA Decision at 12). Accordingly, under these circumstances, "plaintiffs had [at that point] taken all measures to secure administrative relief which could reasonably be expected of them," and therefore, had

---

[8] Neither defendants nor plaintiffs (nor the BSEA, for that matter) specifically stated that plaintiffs requested a "due-process" hearing, but they all stated that plaintiffs requested a "hearing."  It appears reasonable to assume that that request was for a due-process hearing, and on a motion to dismiss, the Court draws all reasonable inferences in plaintiffs' favor.

either satisfied the exhaustion requirement, or were no longer required to, because to pursue administrative relief further would have been futile in light of the December 2, 2019 dismissal. *Kerr*, 897 F.2d at 1470.[9]

For those reasons, defendants motion to dismiss will be denied as to the issue of whether the BSEA's dismissal satisfied IDEA's exhaustion requirement.

## IV.     Conclusion

For the foregoing reasons, defendants' motion to dismiss is DENIED without prejudice as to the issue of whether the renewal statute applies, and DENIED as to the issue of exhaustion of remedies.

**So Ordered.**

Dated: August 12, 2021

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

---

[9] The Court also notes that defendants have not pointed to any authority to support a different conclusion—that is, that a dismissal on statute of limitations grounds does not exhaust a plaintiff's claims.